# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Brian Eugene Schmiedel | Chapter:13 |
| Tammy Lee Schmiedel<br>fka Tammy Lee McKee<br>Debtor(s) | Case number:1:16-bk-01705<br><br>Matter: APPLICATION TO ALLOW DEBTORS' COUNSEL'S FEES AS ADMINISTRATIVE EXPENSE PURSUANT TO 503(b)(2) |

## Notice

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files an objection/response within fourteen (14) days of the date of the notice. If you object to the relief requested, you must file your objection/response with the Clerk, U. S. Bankruptcy Court, 228 Walnut Street, Third Floor, PO Box 908, Harrisburg PA 17108-0908 and serve a copy on the movant and movant's attorney, if one is designated.

If you file and serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted the Court will deem the Application unopposed and proceed to consider the Application without further notice or hearing, and may grant the relief requested.

| | |
|---|---|
| Date:  July 27, 2016 | Kara K. Gendron, Esquire<br>Attorney ID #87577<br>Dorothy L Mott Law Office, LLC<br>125 State Street<br>Harrisburg PA  17101<br>(717)232-6650 TEL<br>(717)232-0477 FAX<br>karagendron@gmail.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                              : CHAPTER 13
                                    :
BRIAN EUGENE SCHMIEDEL              : CASE NO. 1:16-bk-01705
                                    :
TAMMY LEE SCHMIEDEL                 :
fka Tammy Lee McKee                 :
     Debtors

**APPLICATION TO ALLOW DEBTOR'S COUNSEL'S FEES AS AN
ADMINISTRATIVE EXPENSE PURSUANT TO 1326(a)(1) and 503(b)(2)**

COMES NOW Kara K. Gendron, Esquire, and moves to allow debtors' counsel's fees as an administrative expense pursuant to sections 1326(a)(2) and 503(b) of the Bankruptcy Code, respectfully stating in support thereof as follows:

1. The Debtors filed a Chapter 13 Bankruptcy Petition on April 20, 2016 along with a 2016(b) statement, wherein the debtors agreed to pay $4,000.00 to debtors' counsel.

2. The Trustee's website indicates that the debtors paid $2,500.00 to the trustee and that after payment of the trustee's commission, the balance on hand is $2,357.00. Debtors' counsel anticipates that the Trustee may receive $500.00 more from the Debtors before the case is dismissed.

3. The Debtors have paid $0 to Debtor's counsel.

4. Debtors' counsel has performed services, exceeding the trustee's balance on hand as well as the anticipated $500.00 more that may be paid to the trustee. Debtors' counsel's services include but are not limited to: drafting and filing a Motion to Extend Automatic Stay; drafting and filing a Motion for Wage Attachment Order; preparing for and blocking out time for three different 341 meetings of creditors; corresponding with the Trustee's office regarding scheduling a third 341 meeting of creditors; corresponding with Ocwen regarding a mortgage modification, as well as with Rushmore Loan Management Services LLC regarding loss mitigation options concerning the debtors' home; corresponding with the Debtors' realtor; and corresponding with other creditors, as well as the debtors on various issues.

5. The Debtors' third meeting of creditors is scheduled for 7/28/16 and debtors' counsel informed the debtors that if they failed to attend the third meeting, the court would dismiss the case; especially since most cases are dismissed after missing two meetings.

6. The debtors have informed Debtors counsel that they will not attend the third scheduled meeting of creditors.

7. Attorneys' fees are an administrative expense under Code section 503(b)(2).

8. Unlike the express provision in § 348(e) that a chapter 13 trustee's services terminate immediately upon conversion, § 349 contains no such provision upon dismissal. Instead, upon dismissal, the chapter 13 trustee is required to distribute undisbursed plan

payments in accordance with § 1326(a)(2) to complete administration of the bankruptcy estate. See <u>In re Kirk</u>, 2015 WL 5097741, at *4 (Bankr. N.D. Ohio Aug. 27, 2015).

9. <u>Harris v. Viegelahn</u>, 575 U.S. __, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015) applies only in the instance of conversion and does not abrogate 11 U.S.C. § 1326(a)(2). See <u>In re Ulmer</u>, 2015 WL 3955258 (Bankr. W.D. La. June 26, 2015).

10. Section 1326(a)(2) states that administrative expenses allowed pursuant to § 503(b) are to be paid out of the funds on hand if the plan is not confirmed. See e.g. <u>In re Brandon</u>, No. 14-23735 (lead case), In re Rucker, No. 14-27630, and In re Burrows, No. 14-28940 (Sept. 10, 2015):

> **In these circumstances, the Chapter 13 trustee is bound by the provisions of the third sentence of § 1326(a)(2) of the Bankruptcy Code, which requires the Chapter 13 trustee to return undistributed plan payments to the debtor if a plan is not confirmed "after deducting any unpaid claim allowed under section 503(b)." Under § 503(b)(2) of the Bankruptcy Code, the administrative expenses allowable under § 503(b) include "compensation and reimbursement awarded under section 330(a)." In a Chapter 13 case, such compensation includes "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case." 11 U.S.C. § 330(a)(4)(B). Thus, the applicable statutory scheme expressly directs Chapter 13 trustees to return funds on hand to the debtor when (as here) a plan is not confirmed, but only after payment of the allowed fees of the debtor's attorney.**

WHEREFORE, the undersigned moves for an Order directing the trustee to disburse the funds on hand, not to exceed $4,000.00 to the undersigned pursuant to 1326(a)(2) and 503(b)(2).

Respectfully submitted,

/s/ Kara K. Gendron

---------------------------------
Kara K. Gendron, Esquire
Attorney ID #: 87577
Dorothy L Mott Law Office, LLC
125 State Street
Harrisburg, PA 17101
(717) 232-6650 TEL
(717) 232-0477 FAX
karagendron@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| BRIAN EUGENE SCHMIEDEL | : | |
| | : | CASE NO. 1:16-bk-01705 |
| TAMMY LEE SCHMIEDEL | : | |
| fka Tammy Lee McKee | : | |
| Debtors | : | |

**ORDER**

UPON CONSIDERATION of the Application to Allow Attorney Fees as an Administrative Expense, and cause appearing therefore, it is hereby

ORDERED AND DECREED that the Chapter 13 Trustee is directed to disburse the remaining funds to Debtors' counsel, up to $4,000.00, pursuant to 1326(a)(2) and 503(b)(2).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| BRIAN EUGENE SCHMIEDEL | : | |
| | : | CASE NO. 1:16-bk-01705 |
| TAMMY LEE SCHMIEDEL | : | |
| fka Tammy Lee McKee | : | |
| Debtors | : | |

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on <u>July 27, 2016</u>, I served a copy of the served a copy of the foregoing document(s) electronically or by placing the same in the United States Mail, First Class, postage pre-paid, addressed as follows on the following parties:

| Name and Address | Mode of Service |
|---|---|
| CHARLES J DEHART, III ESQUIRE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036 | Electronically |
| BRIAN EUGENE SCHMIEDEL<br>TAMMY LEE SCHMIEDEL<br>1265 FERN ROAD<br>HARRISBURG, PA 17112 | First Class Mail, Postage Prepaid |

I certify under penalty of perjury that the foregoing is true and correct.
Date: 07/27/2016

    /s/ Kara K. Gendron

    _____
    Kara K. Gendron, Esquire
    Dorothy L. Mott Law Office, LLC
    125 State Street
    Harrisburg, PA 17101
    (717) 232-6650 TEL
    (717) 232-0477 FAX
    Karagendronecf@gmail.com